# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| THEODORE J. STYPA, | ) CASE NO: |
| | ) |
| Plaintiff, | ) JUDGE |
| | ) |
| v. | ) |
| | ) |
| DESTIN TRANSPORTATION, INC., et al., | ) **DEFENDANTS DESTIN TRANSPORTATION, INC. AND ANTHONY M. EACHES' NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO** |
| Defendants. | |

Defendants, Destin Transportation, Inc. and Anthony M. Eaches ("Defendants"), by and through undersigned counsel and pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, respectfully request that this Court remove this action from the Court of Common Pleas, Cuyahoga County, Ohio to the United States District Court for the Northern District of Ohio. In support of this request, Defendants state as follows:

1.  Destin Transportation, Inc ("Destin Transportation") and Anthony M. Eaches are defendants in a civil action pending in the Court of Common Pleas, Cuyahoga County, Ohio, styled *Theodore J. Stypa v. Destin Transportation, et al.*, Cuyahoga County Common Pleas Case No. CV 21 948019. The Plaintiff filed this action on May 26, 2021[1]. The Clerk of Courts for the Court of Common

---

[1] A true and accurate copy of the Summonses and Plaintiff's Complaint are attached hereto as Exhibit "A".

Pleas, Cuyahoga County, Ohio, issued a Summons upon Destin Transportation and Mr. Eaches on May 30, 2021.[2]

2. Destin Transportation received a copy of the Summons and Complaint on or about June 3, 2021. (See Ex. "B".) The Summons and Complaint constitute all process, pleadings, and orders served upon or received by Destin Transportation in the state court action.

3. Plaintiff's state court action also names Medical Mutual of Ohio ("Medical Mutual") as a defendant.

4. Defendants file this Notice of Removal pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

5. Plaintiff's action stems from a motor vehicle accident on September 6, 2019, in the City of Warrensville Heights, Ohio. Plaintiff has asserted claims for personal injuries and damages, including allegations that he sustained:

   a. personal injuries to his neck, back, and other parts of his body;
   b. medical bills;
   c. lost wages and other economic harm; and
   d. physical pain and suffering, past and future;

(See Ex. "A".)

6. Upon information and belief, Plaintiff is an individual of the United States who resides in Lyndhurst, Ohio. As such, Plaintiff is an individual citizen of the State of Ohio. Upon information and belief, Plaintiff is not an individual citizen of any other state. (See Ex. "A".)

7. Dustin Transportation is a corporation incorporated under the laws of the State of Michigan.[3] Destin Transportation maintains its principal place of business in Grand Rapids, Michigan. (See Ex.

---

[2] See the docket print out attached as Exhibit "B".
[3] See the Michigan Secretary of State printout attached as Exhibit "C".

"C".) As such, Destin Transportation is a corporate citizen of the State of Michigan. Destin Transportation is not a corporate citizen of any other state.

8. Mr. Eaches resides in Temperance, Michigan and is an individual citizen of the State of Michigan. Upon information and belief, Mr. Eaches is not an individual citizen of any other state. (See Ex. "A".)

9. Although Medical Mutual is named as a defendant in the caption of the Complaint, the Plaintiff does not assert a claim or cause of action against Medical Mutual in the body of the Complaint, nor does he set forth any basis for naming Medical Mutual in the caption of the Complaint. Medical Mutual has been improperly joined as a defendant, and its presence, in this case, will not defeat removal.

10. Improper joinder of non-diverse defendants will not defeat removal on diversity grounds. *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). To prove improper joinder, the removing party must only present sufficient evidence that a Plaintiff could not have established a cause of action against a non-diverse defendant under state law. *Id.* A case is properly removable when a complaint fails to state any cause of action against a defendant. *Id.*

11. Plaintiff's Complaint fails to state *any* cause of action against Medical Mutual. Instead, Plaintiff simply alleges the following: Plaintiff was covered by a policy of health care insurance through Defendant Medical Mutual of Ohio…, which provided health insurance to cover medical treatment received by Plaintiff for the injuries suffered in the within matter. Defendant Medical Mutual *may* have …a lien, claim, or interest in *whatever* amounts Plaintiff may be entitled to recover herein from the tortfeasor-Defendants or from any other source of compensation. (See ¶¶ 16-17 of Ex. "A".) (emphasis added).

12. Indeed, Medical Mutual, in its Answer to Plaintiff's Complaint, denies it provided health insurance to Plaintiff in this case. (See,¶ 5 of Ex. "D"). Furthermore, there are no allegations in Plaintiff's Complaint, making *any* mention of an actual cause of action against Medical Mutual. (*Id.*)

13. While it is possible that Medical Mutual may have a right of subrogation under Ohio law, it is undisputed that no cause of action exists for Plaintiff to assert against Medical Mutual. Therefore, Medical Mutual is not a proper defendant. If anything, Medical Mutual should be realigned as an intervening Plaintiff if it intends on collecting the amount it is seeking in subrogation. As an intervening Plaintiff, Medical Mutual would be able to protect its right of subrogation, if it has one, for any medical payments it may have made on Plaintiff's behalf. However, it should not have been named a defendant in this lawsuit, and its inclusion was only done to attempt to defeat diversity of citizenship, which is improper.

14. The Plaintiff's Complaint seeks an amount above $25,000.00, and he is claiming "pain and suffering [that] is expected to continue into the indefinite future and may be permanent in nature" as a result of this accident. Additionally, the Plaintiff has issued a demand of $250,000 to settle the case. Therefore, the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. (See Ex. "A".)

15. Given the complete diversity of the parties' citizenship and the amount in controversy, this Court has original subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. As such, this action is subject to removal pursuant to 28 U.S.C. § 1441.

16. Destin Transportation and Mr. Eaches have filed this Notice of Removal within thirty (30) days from the date on which they received the Plaintiff's Complaint. Therefore, it is timely pursuant to 28 U.S.C. §1446.

17. The Plaintiff has allegedly perfected service on codefendant Medical Mutual (even though it was improperly joined), and Medical Mutual consents to removal.

18. Defendants have served a copy of this Notice of Removal upon all parties, as well as filed it with the appropriate state court, both pursuant to 28 U.S.C. §1446.

19. Defendants assert their right to a trial by jury.

20. Defendants do not waive any jurisdictional or other defenses available to them.

21. Defendants reserve the right to supplement this Notice of Removal and/or to present additional arguments in support of their entitlement to removal.

**WHEREFORE**, Destin Transportation, Inc. and Anthony M. Eaches pray for the removal of the above-referenced civil action from the Court of Common Pleas, Cuyahoga County, Ohio, to the United States District Court for the Northern District of Ohio.

Respectfully submitted,

*/s/Samuel N. Dodoo*
**TIMOTHY P. ROTH (0064146)**
**SAMUEL N. DODOO (0092968)**
GALLAGHER SHARP, LLP
1215 Superior Avenue, 7th Floor
Cleveland, OH  44114
(216) 241-5310 Telephone
(216) 241-1608 Facsimile
troth@gallaghersharp.com
sdodoo@gallaghersharp.com
*Attorneys for Defendants Destin Transportation, Inc. and Anthony M. Eaches*

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 30th day of June, 2021, the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by electronic and/or regular U.S. Mail. Parties may access this filing through the Court's system.

                                       */s/Samuel N. Dodoo*
                                       **TIMOTHY P. ROTH (0064146)**
                                       **SAMUEL N. DODOO (0092968)**
                                       GALLAGHER SHARP, LLP
                                       *Attorneys for Defendants Destin Transportation Inc.*
                                       *and Anthony M. Eaches*